FIELD *&* ux. *&* als. *versus* PERSONS UNKNOWN.

When, in a process for partition of land, a person interested is not named, and has had no notice or opportunity to appear and answer, he *may* on motion, at any time before final judgment, *be allowed* to appear and defend. R. S. chap. 121, sect. 9.

The granting of such motion is at the discretion of the Court.

The Court, in the exercise of its discretion, will refuse to grant the motion, unless made prior to the interlocutory judgment that partition be made.

THIS is a petition for partition. It was entered at April term, 1850. At the November term following, an order of notice was issued in the usual form, and published, as ordered, returnable on the 30th day of December, 1850.

On that day, no appearance being made in defence, the usual proclamation was made, and interlocutory judgment for partition was entered. Commissioners were then appointed, who made their return and report at April term, 1851.

At that term, Jonathan True and wife came in, and filed their motion for leave to appear and defend under the provisions of R. S. chap. 121, sect. 9, alleging that they were tenants in common of a part of the premises described in the petition, and that they had no knowledge of its pendency until after the return day of the notice, and had no opportunity to make an earlier appearance.

At the same term, the petitioners moved the acceptance of the report, and the case was then continued.

At the November term following, upon the affidavits filed by True and wife, the presiding Judge ruled that they should be allowed to come in and defend, in pursuance of their motion.

Subsequently, the respective counsel for the parties, having different impressions as to the purport and extent of the application of this ruling, it was agreed to submit to the full Court, in what manner and to what extent, True and wife, being now in Court, are entitled to defend.

If, in the opinion of the Court, True and wife are entitled to defend, as though they had come in at the return of notice on the original petition, then the cause is to stand for trial.

But, if they are not entitled to defend, in the same manner and to the same extent, as though they had come in at the return day, then their motion is to be overruled, and their appearance withdrawn.

SHEPLEY, C. J., orally. — In view of the whole statute, we think the granting of the motion is at the discretion of the Court. The statute language is, that he "*may, on motion, be allowed,*" &c. Motions are usually to the discretion of the Court. If the right to defend at such late period be absolute, the previous judgment and proceedings, even after verdict, might be set aside, in order to permit a plea of sole seizin. How could the Court set such verdict aside, unless upon citing the prior parties to re-appear.

What then, in this case, should be the exercise of a judicial discretion? We think it inexpedient to disturb the interlocutory judgment already entered, especially as the same statute furnishes another and a sufficient remedy.

The counsel thereupon withdrew the motion, and the report of the commissioners was accepted.